460 So.2d 886 (1984)
Raymond Robert CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 64012.
Supreme Court of Florida.
October 18, 1984.
Rehearing Denied January 15, 1985.
*887 Neal R. Lewis, Miami, Richard Hersch, South Miami, and Patrice Talisman, Miami, for appellant.
Jim Smith, Atty. Gen. and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
ALDERMAN, Justice.
Raymond Robert Clark appeals the order of the trial court denying his Florida Rule of Criminal Procedure 3.850 motion to vacate. We affirm.
Clark formulated a plan to kidnap someone at a bank and to demand money from that person. After driving to several bank parking lots in search of a victim, he abducted a forty-nine-year-old businessman. He ordered the victim to drive to a secluded spot, ordered him out of the car at gunpoint, and then ordered him to write a check payable to cash in the amount of five thousand dollars. Clark then led the victim into the bushes, made him kneel down, and shot him twice in the head. Thereafter, Clark made several threatening phone calls to the victim's son demanding ten thousand dollars for his father's safe return.
Clark was convicted of murder in the first degree, kidnapping, and extortion and was sentenced to death. His convictions and sentences were affirmed. Clark v. State, 379 So.2d 97 (Fla. 1979). The Supreme Court of the United States denied certiorari. Clark v. Florida, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981).
On November 9, 1982, Clark filed a motion to vacate, set aside, or correct conviction and sentence. He alleged several grounds for relief, some of which he abandoned or waived in the trial court. The primary ground which he alleged as a basis for relief was that he did not receive effective assistance of counsel prior to and during the trial of his case. At the conclusion of the hearing on the rule 3.850 motion, the trial court stated:
So we are talking about effective or ineffective counsel. There are just some cases that you hear where the most effective counsel is ineffective not because he is ineffective on that particular day. It's just because the facts of the case are so overwhelming against his client, that regardless of how effective, how experienced and well trained and well prepared he is for the case, the facts can't be changed, and I believe this is one of those cases.
... .
... I feel that the quality and the thoroughness and the vigor of this case *888 from appointed counsel, that is, the Public Defender, if another person, a wealthy man were charged with the same crime and had to hire outside counsel, it would bankrupt him.
... .
I think all in all it was probably one of the best tried first degree murder cases that I've tried, and I've probably tried at least 15 capital cases in 16 years on the bench. I have imposed the death penalty on four different occasions, and I can't think of a case that was a better tried case from the prosecutor's standpoint and from the defense standpoint, and I don't think there has been a sufficient  any showing of prejudice in the way in which the case was prepared, in the quality of counsel or in the way in which this case was tried.
The trial court then entered an order denying the motion to vacate. Specifically in response to Clark's allegations of ineffectiveness, the court held that counsel vigorously pursued its pretrial motion for change of venue; that, at the time of trial, the Florida Rules of Criminal Procedure did not provide for such an "independent confidential expert" as requested by Clark's counsel; and that, in fact, the evidence received at the hearing on this motion indicates that Clark was quite competent to stand trial and further gave no signs to his attorney of any potential insanity defense. As to Clark's allegation that his trial counsel failed to seek the appointment of a psychiatrist for the sentencing stage of the trial, the court held that there was nothing in the record that would suggest that such an expert would have been of any benefit to Clark. The trial court explained:
[T]here is nothing in the record that would suggest that such an expert would have been of any benefit to the defendant. In fact, if a psychiatric expert had been appointed pursuant to the rules as they were then being interpreted, such expert's report would have been available to the prosecution and in all likelihood, as indicated in the hearing held on this motion, would have had a detrimental effect upon the defendant. Once again, the Rules of Criminal Procedure as they then existed did not provide for an "independent confidential expert" and pursuant to the Witt case, defense counsel certainly could not be held to anticipate this subsequent change in the law.
As to Clark's allegation with regard to the alleged failure to call lay witnesses, either at trial or sentencing, for purposes of mitigation, the trial court held that these were tactical decisions made by counsel at the time of trial for very logical and sound reasons. The trial court found that counsel who defended this case put forth the maximum effort and exhibited exceptional expertise in the preparation and conduct of this case and that counsel was as effective as possible. The court concluded that there has been no showing of prejudice to the defendant in the way in which this case was prepared or in the way this case was tried and that the standards for ineffective assistance of counsel set forth in Knight v. State, 394 So.2d 997 (Fla. 1981), have not been met in any respect.
Clark appeals the denial of his motion and argues that the trial court's refusal to allow a confidential psychiatric expert deprived him of his right to effective assistance of counsel, that the effect of the trial court's denial of the points raised in his 3.850 motion affects his right to proportionality review of his death sentence, and that he was denied effective assistance of trial counsel at the pretrial stage, at the trial phase, and at the penalty phase of his trial.
We find no merit to any of these grounds and affirm the trial court.
His first point, that the court erred at trial in refusing to allow him a confidential psychiatric expert, was raised in his initial direct appeal from his convictions and sentences and was addressed by this Court. We held that under the circumstances, the trial court did not err in denying Clark's request. Clark v. State, 379 So.2d at 103. Clark cannot now raise this issue in a 3.850 motion by relating it to a claim of ineffective assistance of counsel. His argument is that the trial court erred *889 in denying his request and that this error deprived him of effective assistance of counsel.
Clark also points out that since his trial and appeal, we have adopted Rule of Criminal Procedure 3.216 in The Florida Bar, In Re Rules of Criminal Procedure, 389 So.2d 610, 624 (Fla. 1980), effective July 1, 1980, which provides:
(a). When in any criminal case counsel for a defendant adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the defendant may be incompetent to stand trial or that he may have been insane at the time of the offense, he may so inform the court who shall appoint one expert to examine the defendant in order to assist his attorney in the preparation of his defense. Such expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.
He contends that this rule change was a change in the law sufficient to meet the test announced by this Court in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). We disagree and hold that this rule change does not constitute a fundamental constitutional change in the law. In Witt, we emphasized that only major constitutional changes of law which constitute a development of fundamental significance, such as in Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), could be raised for the first time under rule 3.850. See also State v. Washington, 453 So.2d 389 (Fla. 1984). We further explained:
In contrast to these jurisprudential upheavals [such as Coker and Gideon] are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters. Emergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgement of the finality of judgments. To allow them that impact would, we are convinced, destroy the stability of the law, render punishments uncertain and therefore ineffectual, and burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit.
387 So.2d at 929-30 (footnote omitted). This amendment to the criminal rules does not meet the standards we announced in Wit, and Clark's claim is not cognizable in a rule 3.850 motion.
His second argument regarding proportionality review relates directly to his first argument regarding denial of his request for appointment of a psychiatric expert and is without merit.
Finally, we find no merit whatsoever to his claims of ineffective assistance of counsel. The trial court's findings in this regard are supported by the record. Clark failed to establish that trial counsel was ineffective at any stage of the trial proceedings.
The trial court denied Clark's claims on the basis of the standards we announced in Knight v. State. Since the entry of its order, the Supreme Court of the United States rendered its decision in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), outlining the standards to be used in determining whether a defendant was denied his sixth amendment right to effective assistance of counsel. These standards do not differ significantly from the standards we previously announced in Knight v. State. Down, v. State, 453 So.2d 1102 (Fla. 1984); Jackson v. State, 452 So.2d 533 (Fla. 1984). Under the Supreme Court's criteria announced in Strickland v. Washington, in order for a defendant to succeed on a claim of ineffectiveness of counsel so as to obtain reversal of a conviction or death sentence, he must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. The measure of performance is reasonableness under prevailing professional norms at the time of *890 counsel's conduct. The purpose of the effective assistance guarantee, the Supreme Court stated, is simply to ensure that criminal defendants receive a fair trial. It stated:
A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.
104 S.Ct. at 2066. See also Downs v. State, 453 So.2d at 1108.
Clark has not demonstrated that counsel's performance was deficient under the guidelines announced in Strickland v. Washington. Moreover, we reiterate what we said in Downs v. State:
In Florida, there has been a recent proliferation of ineffectiveness of counsel challenges. Criminal trials resolved unfavorably to the defendant have increasingly come to be followed by a second trial of counsel's unsuccessful defense. Although courts have found most of these challenges to be without merit, defense counsel, in many of the cases, have been unjustly subjected to unfounded attacks upon their professional competence. A claim of ineffective assistance of counsel is extraordinary and should be made only when the facts warrant it. It is not a claim that is appropriate in every case. It should be the exception rather than the rule.
453 So.2d at 1107. The facts of the present case did not warrant the assertion of a claim of ineffective assistance of counsel.
Accordingly, we affirm the trial court's denial of Clark's rule 3.850 motion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.