467 So.2d 699 (1985)
Raymond Robert CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 66859.
Supreme Court of Florida.
April 12, 1985.
Neal R. Lewis, Richard Hersch and Patrice Talisman, Miami, for appellant.
Jim Smith, Atty. Gen., and Michael J. Kotler and Frank Migliore, Jr., Asst. Attys. Gen., Tampa, for appellee.
ALDERMAN, Justice.
Raymond Robert Clark appeals the denial of his second Florida Rule of Criminal Procedure 3.850 motion to vacate. We find no error and affirm the trial court's order denying his motions to vacate and for stay of execution.
*700 Having formulated a plan to kidnap someone from a bank and to demand money from that person, Clark drove to several bank parking lots in search of a victim. He abducted a forty-nine-year-old businessman, drove to a secluded area, ordered the victim out of his car at gunpoint, ordered him to write a check payable to cash in the amount of five thousand dollars, led the victim into the bushes, made the victim kneel down, and shot him twice in the head. Subsequent to the murder, Clark made threatening phone calls to the victim's son and demanded money for the victim's safe return.
He was convicted of first-degree murder, kidnapping, and extortion, and was sentenced to death. His convictions and death sentence were affirmed on appeal. Clark v. State, 379 So.2d 97 (Fla. 1979). On appeal, among other issues, Clark contended that the trial court erred at trial in refusing to allow him a confidential psychiatric expert. We held that the court did not err in denying his request under the circumstances and stated:
Although refusing to move for a sanity inquisition and to comply with the requirements of Florida Rule of Criminal Procedure 3.210, Clark requested that the court appoint a particular psychologist to examine Clark and to test him to determine whether a possible defense of not guilty by reason of insanity exists and to make his report confidential and solely to Clark's counsel for his determination of whether or not to make sanity an issue at trial. By his motion, Clark was attempting to circumvent Florida Rule of Criminal Procedure 3.210.
379 So.2d at 103 (emphasis added). Rule 3.210 provided the procedure whereby a defendant could have access to a competent psychiatrist.
Relative to Clark's claim that he was entitled to have a psychiatrist appointed at sentencing, we held:
Clark now claims that he was entitled to have a psychiatrist appointed to assist him in establishing the mitigating circumstances of commission of the murder while under extreme mental or emotional disturbance. A review of the record, however, reveals that no such request was made to the trial court, and the trial court was never given an opportunity to rule on whether Clark was entitled to a psychiatrist to assist him in the determination of mitigating circumstances. The motion for appointment of a psychiatrist only requested that a certain psychologist be appointed to examine Clark to determine if a possible defense of not guilty by reason of insanity was available to him.
379 So.2d at 104. We also found to be without merit Clark's claim that he was restricted in his presentation of mitigating factors. Clark then sought certiorari review in the Supreme Court of the United States which denied his petition. Clark v. Florida, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981).
Clark subsequently filed a motion to vacate in the trial court, alleging primarily that he did not receive effective assistance of counsel. This argument encompassed claims relating to the development of mitigating factors and the appointment of an independent confidential expert. After hearing on the motion, the trial court held, among other things, that the evidence received at the hearing on this motion indicated that Clark was quite competent to stand trial and further gave no signs to his attorney of any potential insanity defense. As to Clark's allegation that his trial counsel failed to seek the appointment of a psychiatrist for the sentencing stage of the trial, the court held that there was nothing in the record that would suggest that such an expert would have been of any benefit to Clark. 460 So.2d at 888. We affirmed the trial court's conclusions relative to Clark's ineffective assistance of trial counsel. Clark v. State, 460 So.2d 886 (Fla. 1984). Clark also alleged that with the adoption of Florida Rule of Criminal Procedure 3.216, effective July 1, 1980, there had been a change in the law sufficient to meet the test of Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. *701 796, 66 L.Ed.2d 612 (1980). Rule 3.216(a) provides:
When in any criminal case counsel for a defendant adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the defendant may be incompetent to stand trial or that he may have been insane at the time of the offense, he may so inform the court who shall appoint one expert to examine the defendant in order to assist his attorney in the preparation of his defense. Such expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.
We disagreed and held that this rule change did not constitute a fundamental constitutional change in the law as contemplated by our decision in Witt.
On March 13, 1985, the Governor of the State of Florida signed a warrant for the execution of Clark. His execution is scheduled for Tuesday, April 16, 1985.
Thereafter, Clark filed another motion to vacate in the trial court. He again alleged a change in the law, the change being Ake v. Oklahoma, ___ U.S. ___, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), and that the trial court limited the presentation and consideration of mitigating factors.
After considering the pleadings and having heard the oral arguments of counsel, the trial court denied the motion to vacate and denied the motion for stay. The trial court gave its reasons for denial, as follows:
Assuming under the Ake decision that it's retroactive to the date that Clark was tried and made his request, I don't think there was a substantial showing or substantial factor in showing that insanity was going to be or could have been a defense in this case.
The factors which you relate are significant happened some long time before the event in this case occurred.
There was no showing by Mr. Clark's counsel that there was anything occurring to him at or about the time the murder was supposed to have occurred that would have had any bearing or effect on his mental condition that might raise a question as to his sanity.
There was nothing presented to show that his competency was effected to stand trial that would justify an examination.
As I understood it, she simply wanted somebody to look him over without really knowing why. If in fact we had appointed one to examine him, as I recall, she probably wouldn't have used a psychiatrist at the sentencing part because she felt that whatever the psychiatrist would testify would be more harmful than helpful with respect to what Raymond would have to disclose to the psychiatrist.
But in any event, I just don't think there was substantial showing at that time to justify appointment of a psychiatrist under the rule as enunciated in Ake.

We agree with the trial court and affirm its finding that Ake does not apply to the present case. The express holding of Ake is:
[W]hen a defendant has made a preliminary showing that his sanity at the time of his offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue, if the defendant cannot otherwise afford one.
105 S.Ct. at 1092 (emphasis supplied).
The Supreme Court in Ake made it very clear that its decision had limited applicability when it said:
A defendant's mental condition is not necessarily at issue in every criminal proceeding, however, and it is unlikely that psychiatric assistance of the kind we have described would be of probable value in cases where it is not. The risk of error from denial of such assistance, as well as its probable value, are most predictably at their height when the defendant's mental condition is seriously in question. When the defendant is able to make an ex parte threshold showing to the trial court that his sanity is likely to *702 be a significant factor in his defense, the need for the assistance of a psychiatrist is readily apparent....
We therefore hold that when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense.
105 S.Ct. at 1096-97. It is also made clear that its holding did not mean that an indigent defendant has a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own. Id. at 1097. The Supreme Court specifically left it to the state's decision as to how to implement this right.
The record at trial and the record of the lengthy hearing on the first motion to vacate evidence that Clark did not demonstrate to the trial court that his sanity at the time of the offense was likely to be a significant factor at trial. Moreover, the record further shows that Clark made a request for appointment of a particular psychologist and did not choose to follow the State's adopted procedure for appointment of a psychiatrist. Despite the fact that there was no showing that sanity at the time of the offense would be a significant factor, at the time of trial, the trial court, although denying Clark's motion to have a specific person appointed, advised Clark that it would appoint a psychiatrist pursuant to the rule as it existed at that time. Counsel then decided not to have Clark examined. At the hearing on the first motion to vacate, defense counsel explained why she had not sought a sanity inquisition after the trial court denied her request for a specific confidential expert. She made it very clear that she felt there was no issue of his sanity at the time of the offense.
Because Ake does not apply to this case, the issue now advanced by Clark is the same issue which he has argued previously on direct appeal to this Court and in his first motion to vacate. We have previously rejected this claim, and, in this light, his present petition is a successive petition under Florida Rule of Criminal Procedure 3.850.
Clark's second point on appeal has likewise been previously addressed by this Court, and thus his petition also constitutes a successive petition on this point.
Accordingly, finding that the trial court correctly denied relief, we affirm. We also deny Clark's motion for stay of execution.
No petition for rehearing will be entertained by this Court.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.