533 So.2d 1144 (1988)
Raymond Robert CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 72303.
Supreme Court of Florida.
September 8, 1988.
Rehearing Denied December 5, 1988.
Larry Helm Spalding, Capital Collateral Representative; and Billy H. Nolas, Martin J. McClain and Julie D. Naylor, Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Krauss and Peggy A. Quince, Asst. Attys. Gen., Tampa, for appellee.
PER CURIAM.
Clark, a prisoner for whom a death warrant had been signed, appealed the trial court's denial of his third motion for postconviction relief.[1] This Court granted a stay of execution, but, after further study, we affirm the trial court's order and dissolve the stay.
Clark formulated a plan to kidnap someone for ransom. He abducted the victim from a bank parking lot and left in the victim's car with his teenage lover, Ty Johnston, following in Clark's vehicle. After stopping at a secluded area, Clark made the victim disrobe and write a check for five thousand dollars. Clark then tied the victim's hands behind his back, marched him into the bushes, and shot him twice in *1145 the head.[2] Unable to cash the victim's check, Clark and Johnston abandoned the victim's car. Clark thereafter became concerned about being charged with kidnapping Johnston and drove Johnston back to California. Two weeks later, but before the victim's body was discovered, Clark was back in Florida. He then made several phone calls to the victim's son asking for money for the victim's safe return. A trace of the calls led to Johnston, who, on being returned to Florida, implicated Clark and led authorities to the body.
A jury convicted Clark of first-degree murder and recommended that he be sentenced to death. The trial court agreed and imposed a death sentence. This Court affirmed both the conviction and sentence. Clark v. State, 379 So.2d 97 (Fla. 1979), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981). Clark then filed a motion for postconviction relief, claiming that: 1) venue should have been changed; 2) the jury had been improperly death qualified; 3) his trial counsel rendered ineffective assistance; and 4) this Court improperly considered nonrecord material on his direct appeal. This Court affirmed the trial court's denial of relief after that court held an evidentiary hearing. Clark v. State, 460 So.2d 886 (Fla. 1984).
After the governor signed Clark's first death warrant, Clark filed a second motion for postconviction relief. This motion raised two points: the trial court's refusal to appoint a confidential psychiatric expert for the defense and ineffective assistance of counsel. Again, the trial court denied relief; this Court affirmed and denied a stay of execution. Clark v. State, 467 So.2d 699 (Fla. 1985). Clark then filed a petition for habeas corpus with a federal district court, which denied the petition. On appeal of that denial the eleventh circuit granted a stay. After considering the eleven points raised in the federal courts,[3] however, the circuit court affirmed the district court's ruling. Clark v. Dugger, 834 F.2d 1561 (11th Cir.1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1282, 99 L.Ed.2d 493 (1988). The governor then signed Clark's second death warrant, prompting the instant proceedings.
Clark raised ten points in the current motion for relief: 1) violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); 2) violation of Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987); 3) violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); 4) violation of Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987); 5) restriction on cross-examination; 6) impropriety regarding a voice exemplar; 7) unconstitutionality of the heinous, atrocious, and cruel aggravating factor; 8) unconstitutionality of the felony-murder aggravating factor; 9) improper shifting of burden of proof; and 10) improper instruction on the jury's vote. The trial court found the claims to be untimely or, if the untimeliness were excusable, to have no merit or to be unsupported by the facts.
We agree with the trial court that most of these claims could have been, should have been, or were raised previously. They are, therefore, procedurally barred from consideration in this, Clark's third, motion for postconviction relief.[4] *1146 Tafero v. State, 524 So.2d 987 (Fla. 1987); Delap v. State, 513 So.2d 1050 (Fla. 1987).
The only issue now raised which is cognizable in these proceedings is the Hitchcock claim. Thompson v. Dugger, 515 So.2d 173 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1224, 99 L.Ed.2d 424 (1988). The eleventh circuit, however, fully considered Clark's claim under Hitchcock. In discussing the effectiveness of Clark's trial counsel the court stated:
Schaeffer extensively investigated Clark's background. Although Schaeffer admitted that she incorrectly believed that she could present only statutory mitigating factors, her investigation went far beyond the statutory factors. She spent three days in California interviewing potential defense witnesses, taking depositions, and speaking with Clark's doctor, prior defense counsel and friends. Schaeffer's investigation, however, uncovered little information to aid Clark's defense. Clark's friends in California were not aware that he had gone to prison the first time for killing a fourteen year-old boy. Once the true story of this previous killing became public, Clark's friends were no longer well disposed towards him. More importantly, Schaeffer feared that any evidence concerning Clark's earlier murder would have a devastating effect on the jury. The California appellate opinion termed this murder one of the most brutal and aggravated homicides ever committed.
834 F.2d at 1568 (footnote omitted). In discussing Hitchcock the court then went on to hold:
Here, however, there simply were no nonstatutory mitigating circumstances to consider. Clark did not introduce any evidence that would support the existence of a nonstatutory mitigating circumstance. As explained supra, Clark's counsel, after her investigation, made a tactical decision that any testimony at the penalty phase could only prove harmful. Thus, Clark failed to introduce any mitigating evidence whatever. Clark nonetheless argues that the trial court's instructions prevented the jury from considering mercy, its doubts about Clark's guilt and Clark's acts of kindness toward his co-defendant. Even if these were relevant mitigating factors, a doubtful proposition, there is no indication that Clark attempted to raise them during the penalty phase. Having failed to produce evidence of any nonstatutory mitigating factors, Clark can hardly complain that the trial court restricted the jury's ability to consider them. We therefore conclude that any Hitchcock error was harmless under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
Id. at 1569-70 (footnotes omitted). We agree with that court that any Hitchcock error was harmless beyond any reasonable doubt.
Therefore, we affirm the trial court's denial of relief and dissolve the previously entered stay of execution.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., dissents with an opinion.
BARKETT, Justice, dissenting.
I acknowledge that this Court's prior decisions support the rejection of appellant's Caldwell claim. See Combs v. State, 525 So.2d 853 (Fla. 1988) (Barkett, J., specially concurring); Grossman v. State, 525 So.2d 833 (Fla. 1988) (Barkett, J., specially concurring). However, I believe this case now is controlled by Mann v. Dugger, 844 F.2d 1446 (11th Cir.1988), and therefore should be stayed until the applicability of Caldwell in Florida is decided by the United States Supreme Court in the pending case of Adams v. Wainwright, 804 F.2d 1526 (11th Cir.1986), modified sub nom. Adams v. Dugger, 816 F.2d 1493 (11th Cir.1987), cert. granted, ___ U.S. ___, 108 S.Ct. 1106, 99 L.Ed.2d 267 (1988).
NOTES
[1] We have jurisdiction pursuant to art. V, § 3(b)(1), Fla. Const., and Fla.R.Crim.P. 3.850.
[2] This was not Clark's first murder. In 1964 he killed a 14-year-old boy with whom he had a homosexual affair. People v. Clark, 252 Cal. App.2d 524, 60 Cal. Rptr. 524 (1967).
[3] Clark raised the following points in the federal courts: 1) failure to appoint a psychiatrist to assist the defense; 2) refusal to order the jury to retire from its deliberations; 3) denial of effective cross-examination; 4) refusal to grant motion for a bill of particulars regarding sentencing; 5) denial of proper proportionality review; 6) ineffective assistance of counsel; 7) improper restriction of consideration of nonstatutory mitigating evidence; 8) misinforming jury as to its role in sentencing; 9) improper restriction on cross-examination; 10) mishandling of state's attempt to gain a voice exemplar; and 11) improper use of victim impact evidence. Clark v. Dugger, 834 F.2d 1561, 1563 (11th Cir.1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1282, 99 L.Ed.2d 493 (1988).
[4] This Court has previously found a procedural bar against Clark's raising ineffective assistance for the second time in his second postconviction relief motion. Clark v. State, 467 So.2d 699, 702 (Fla. 1985).