546 So.2d 1039 (1989)
James William HAMBLEN, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
No. 74269.
Supreme Court of Florida.
July 6, 1989.
*1040 Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Julie D. Naylor and Francisco Rivera, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
This is a petition for habeas corpus and application for stay of execution. We have jurisdiction pursuant to article V, section 3(b)(1) and (9) of the Florida Constitution.
Petitioner, James William Hamblen, was charged with the first-degree murder of Laureen Jean Edwards in a Jacksonville boutique. Hamblen asked the court to revoke the appointment of the public defender and to allow him to represent himself. After conducting a hearing to determine Hamblen's fitness for separate representation, the judge determined that Hamblen met the criteria that enabled him to represent himself. However, the judge ordered two assistant public defenders to be in the courtroom as emergency backup counsel.
Hamblen then pleaded guilty and waived his right to have a jury consider whether he should be executed. At the sentencing hearing, the state presented evidence directed toward the statutory aggravating circumstances, but Hamblen presented no mitigating evidence. Hamblen stated that he believed that the prosecutor's recommendation of death was appropriate. Thereafter, the judge sentenced Hamblen to death, finding three statutory aggravating circumstances and no mitigating circumstances.
On appeal, Hamblen's judgment and sentence of death were affirmed. Hamblen v. State, 527 So.2d 800 (Fla. 1988). In that opinion, we held that the trial judge had not erred in failing to appoint counsel against Hamblen's wishes to seek out and to present mitigating evidence and to argue against the death sentence. Though eliminating the aggravating factor that the crime was committed in a cold, calculated, or premeditated manner, we nevertheless upheld the death sentence.
The capital collateral representative now argues four claims. He first says that *1041 the trial judge erred in allowing Hamblen to waive appointed counsel without the adequate hearing required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). He contends that because of Hamblen's mental illness he could not knowingly and understandingly waive his right to counsel.
While this point was not specifically raised on appeal, we did observe in our opinion that Hamblen was clearly competent to represent himself. To the extent that this claim is couched in terms of ineffectiveness of appellate counsel, we have once again reviewed the record and find that the court fully complied with the requirements of Faretta. The evidence indicated that Hamblen had two years of college education, that he understood courtroom procedure, and that he had represented himself before in Indiana. Two experts had already examined Hamblen and had concluded that he was competent to stand trial and was legally sane at the time of the offense.
Both experts found Hamblen to have average or above average intelligence. Dr. Miller, the examining psychiatrist, found no organic defects and concluded that he had an antisocial personality. While Dr. McMahon, the examining psychologist, stated that Hamblen had a severe personality disorder, she did not suggest that he was incompetent to waive counsel and represent himself. In a recently filed affidavit, she says she was never asked this question and could not now express an opinion on the subject. Appellate counsel cannot be faulted for not specifically raising this issue on direct appeal, and if he had done so, he would not have prevailed.
Second, it is contended that when this Court eliminated the aggravating factor that the homicide was committed in a cold, calculated, and premeditated manner, we were required to remand the case for resentencing under the rationale of Elledge v. State, 346 So.2d 998 (Fla. 1977). Elledge is inapplicable to this case. The Elledge error was in allowing the introduction of nonstatutory aggravating evidence that the defendant had admitted committing a murder for which a conviction had not yet been obtained. Subsequent cases have made it clear that a death sentence may be affirmed when an aggravating circumstance is eliminated if the court is convinced that such elimination would not have resulted in a life sentence. Rogers v. State, 511 So.2d 526 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988). This is so even if mitigating circumstances have been found. Bassett v. State, 449 So.2d 803 (Fla. 1984); Brown v. State, 381 So.2d 690 (Fla. 1980), cert. denied, 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981).
The third claim involves the contention that appellate counsel was ineffective for failing to argue that the sentencing court had employed an express presumption of death and shifted the burden to Hamblen to prove that death was inappropriate. The argument is premised on the following language in the sentencing order:
In summary, the Court finds that three sufficient, aggravating circumstances exist and no mitigating circumstances exist which would outweigh them and therefore the Court rejects the recommendation of sentence in the presentence investigation report [life imprisonment]. Consequently, under the evidence and the law of this State a sentence of death is mandated.
There is no merit in this argument. At the outset, we note that the judge specifically found that no statutory mitigating circumstances existed and observed that the doctors' reports did "not offer any other, sufficient mitigating circumstances." Even if the judge's reference to the weighing of mitigating circumstances against aggravating circumstances could be read to imply the existence of some mitigating circumstances, there is nothing in this sentencing order or in this record which reflects that the court applied an express presumption of death or required Hamblen to carry the burden of proving that death was inappropriate. The cases relied upon by Hamblen are clearly inapplicable and do not apply to the circumstances of this case.
*1042 Finally, the capital collateral representative contends that appellate counsel was ineffective for failing to contend that the court improperly considered victim impact evidence in violation of Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987). It appears that prior to the penalty phase, the trial judge had been given a box containing certain writings of the victim and an album of photographs of the victim. The box had been delivered by the victim's husband and was unsolicited by the judge. In open court, the judge told Hamblen of the receipt of the box. He explained that he would not consider the contents of the box in determining the sentence unless they were introduced at the sentencing hearing. The judge told the bailiff to allow Hamblen to examine the contents and asked Hamblen if he had any questions concerning the matter. Hamblen replied that he had no questions and observed that he had had the opportunity to see the album before. The contents of the box were not introduced at the sentencing hearing. The other evidence complained of consisted of a statement by the victim's husband in the presentence investigation report that he thought Hamblen was cruel and inhuman, although he made no recommendation concerning the penalty to be imposed.
There was no objection to any of these matters raised at the trial. This Court has held that an argument predicated upon Booth cannot be argued on appeal in the absence of an objection. Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). In Grossman, we also pointed out that Booth was a case in which the victim impact evidence had been before the sentencing jury rather than a judge who is required to pass sentence only upon consideration of the aggravating and mitigating factors. Appellate counsel was not ineffective for failing to raise this point on appeal.
We deny the petition for habeas corpus and the application for stay of execution. No petition for rehearing will be permitted.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., dissents with an opinion.
BARKETT, Justice, dissenting.
I dissent for the reasons expressed in Hamblen v. State, 527 So.2d 800, 806-09 (Fla. 1988) (Barkett, J., dissenting). Moreover, there is no dispute that Hamblen has been severely mentally disturbed all his life. He remains so to this day. The evidence of this mental disturbance has never been presented or considered by any court in assessing the appropriateness of the death penalty.
I believe this complete failure to consider Hamblen's mental disturbance, as well as the failure to consider any other mitigating factors, renders the sentence fundamentally unreliable, unfair and contrary to the clear dictates of the death penalty statute. The statute states that the court can impose a sentence of death only "after weighing the aggravating and mitigating circumstances" and only after finding that "there are insufficient mitigating circumstances to outweigh the aggravating circumstances." § 921.141(3), Fla. Stat. (1987). These requirements cannot be met when a court gives a defendant the "right" to waive presentation of mitigating factors, as occurred in the present case.