559 So.2d 192 (1990)
Raymond Robert CLARK, Petitioner,
v.
Richard L. DUGGER, Respondent.
No. 74468.
Supreme Court of Florida.
February 1, 1990.
Rehearing Denied May 1, 1990.
*193 Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Julie D. Naylor and Martin J. McClain, Office of Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Robert J. Krauss, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Clark, a prisoner on death row, petitions this Court for a writ of habeas corpus. We have jurisdiction pursuant to article V, section 3(b)(1), (9), Florida Constitution, and deny the petition.
This is the fifth time Clark has appeared before this Court. In Clark v. State, 379 So.2d 97 (Fla. 1979), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981), we affirmed his conviction of first-degree murder and sentence of death. This Court subsequently affirmed the trial court's denial of Clark's first motion for postconviction relief. Clark v. State, 460 So.2d 886 (Fla. 1984). After the governor signed Clark's first death warrant, Clark filed a second motion for postconviction relief, and, again, we affirmed the trial court's denial of that motion. Clark v. State, 467 So.2d 699 (Fla. 1985). Clark filed yet another motion for postconviction relief after the governor signed his second death warrant. The trial court denied relief again, and we affirmed that ruling. Clark v. State, 533 So.2d 1144 (Fla. 1988). The federal courts also denied Clark's petition for habeas corpus. Clark v. Dugger, 834 F.2d 1561 (11th Cir.1987), cert. denied, 485 U.S. 982, 108 S.Ct. 1282, 99 L.Ed.2d 493 (1988).
As the first issue raised in this petition, Clark claims that the introduction and argument of victim impact information at his trial violated Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), and South Carolina v. Gathers, ___ U.S. ___, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989). Clark raised a Booth claim in his third motion for postconviction relief and in his federal habeas petition. 533 So.2d at 1145; 834 F.2d at 1563 n. 1. Habeas corpus is not to be used for additional appeals on issues that could have been, should have been, or were raised on direct appeal or in motions filed under Florida Rule of Criminal Procedure 3.850 or which were not objected to at trial. Suarez v. Dugger, 527 So.2d 190 (Fla. 1988); White v. Dugger, 511 So.2d 554 (Fla. 1987); Blanco v. Wainwright, 507 So.2d 1377 (Fla. 1987). The instant Booth claim, therefore, is procedurally barred. Clark argues, however, that this claim should be considered now because of our recent opinion in Jackson v. Dugger, 547 So.2d 1197 (Fla. 1989). We disagree.
Although Jackson applied Booth retroactively, it did so because Jackson objected to using victim impact evidence at trial and raised the issue on appeal and this Court addressed the issue in that appeal. Jackson does not mean that a procedural bar cannot be imposed, however, because we recognized that an objection at trial is necessary *194 to trigger Booth's retroactivity. Jackson, 547 So.2d at 1199. Accord Adams v. State, 543 So.2d 1244 (Fla. 1989) (Booth claims are procedurally barred in postconviction proceedings if not objected to at trial or raised on appeal); Eutzy v. State, 541 So.2d 1143, 1145 (Fla. 1989) ("there is nothing in Booth which suggests that that decision should be retroactively applied to cases in which the claim was not preserved by a timely objection"); Grossman v. State, 525 So.2d 833 (Fla. 1988) (failure to object to victim impact evidence at trial bars raising the issue on appeal), cert. denied, ___ U.S. ___, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). Clark did not object at trial to the victim impact evidence he now complains about, so no relief under Jackson is warranted. Moreover, this court stated specifically in Jackson:
Ordinarily, an issue under Booth ... should be raised by motion under rule 3.850. However, because this Court had specifically approved the introduction of Sheriff Carson's testimony on direct appeal, and because all the pertinent facts are contained in the original record on appeal, we believe that in this instance the issue may be appropriately considered in the petition for writ of habeas corpus.
Jackson, 547 So.2d at 1199-1200 n. 2 (emphasis added). Thus, Jackson directs that Booth claims should be raised by motion under rule 3.850. Because Clark's case is factually distinguishable from Jackson's, the instant claim is not cognizable in this habeas proceeding.
Relying on our recent opinions in Hall v. State, 541 So.2d 1125 (Fla. 1989), and Meeks v. Dugger, no. 71, 947 (Fla. June 22, 1989), Clark argues that his sentencing proceeding violated Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). In Hitchcock the Court held that an advisory jury cannot be instructed not to consider, and a sentencing judge cannot refuse to consider, evidence of nonstatutory mitigating circumstances. Id. 107 S.Ct. at 1824. Both this Court and the federal courts have considered Clark's sentencing in light of Hitchcock. 533 So.2d at 1146; 834 F.2d at 1568-70. This claim is, therefore, procedurally barred because we find neither Hall nor Meeks to be such a change in the law as to require retroactive application and preclude imposition of a procedural bar. Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).
Clark also claims that the trial court improperly instructed the jury on the heinous, atrocious, and cruel aggravating factor in violation of Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), and Rhodes v. State, 547 So.2d 1201 (Fla. 1989). As part of this claim, he argues that his appellate counsel rendered ineffective assistance by failing to challenge this instruction on direct appeal. Trial counsel did not object to this instruction. Appellate counsel, therefore, could not have raised this issue on appeal unless the instruction amounted to fundamental error. Pope v. Wainwright, 496 So.2d 798, 801 (Fla. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987). We have held that Maynard does not affect Florida's death sentencing procedures. Smalley v. State, 546 So.2d 720 (Fla. 1989). Moreover, Rhodes is not such a change in the law as will provide postconviction relief under Witt. Thus, Clark's appellate counsel did not provide ineffective assistance.
Relying on Adamson v. Ricketts, 865 F.2d 1011 (9th Cir.1988), Clark argues that Florida's penalty phase instructions impermissibly shift the burden of proof to a defendant to show that death is an inappropriate penalty. Adamson, a decision of an intermediate federal court, is not applicable retroactively under Witt. Eutzy. See Hamblen v. Dugger, 546 So.2d 1039 (Fla. 1989). Additionally, Clark raised this claim, relying on cases other than Adamson, in his third motion for postconviction relief. 533 So.2d at 1145. He is, therefore, procedurally barred from raising it in this petition. White; Blanco.
Clark also argues that the trial court and jury improperly based multiple aggravating factors on the same facts and that appellate counsel rendered ineffective *195 assistance by not raising this issue. Appellate counsel, however, challenged the doubling up of the aggravating factors complained about now, and we agreed that an improper doubling had occurred. 379 So.2d at 104. Because no mitigating circumstances existed, we held that "this defect in the trial court's order does not require resentencing." Id. "[A]n allegation of ineffective counsel will not be permitted to serve as a means of circumventing the rule that habeas corpus proceedings do not provide a second or substitute appeal." Blanco, 507 So.2d at 1384. This claim is, therefore, procedurally barred.
As his final point, Clark, for the first time ever, argues that the trial court's findings of fact in support of the death sentence are not specific enough. We examined and considered the court's sentencing order on direct appeal. 379 So.2d at 103-04. We considered a similar order in Rhodes and found it sufficient, although "we urge[d] trial judges to use greater care when preparing their sentencing orders so it is clear to this Court how the trial judge arrived at the decision to impose the death sentence." Rhodes, 547 So.2d at 1207. Had appellate counsel raised this issue, we would have ruled, consistent with our recent observation in Rhodes, that the sentencing order was sufficient even though it might have been improved upon. Clark's current allegation does not meet the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), test of demonstrating both substandard performance and prejudice.
The petition for habeas corpus, therefore, is denied.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.