559 So.2d 201 (1990)
Raleigh PORTER, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 74478.
Supreme Court of Florida.
February 15, 1990.
Rehearing Denied May 1, 1990.
*202 Larry Helm Spalding, Capital Collateral Representative, and Martin J. McClain, Asst. Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Raleigh Porter, a prisoner on death row, petitions this Court for a writ of habeas corpus. We have jurisdiction, article V, section 3(b)(1), (9), Florida Constitution, and deny the petition.
A jury convicted Porter of two counts of first-degree murder, and the trial court sentenced him to death. On appeal this Court affirmed the convictions, but remanded for resentencing because of a Gardner[1] violation. Porter v. State, 400 So.2d 5 (Fla. 1981). On resentencing the trial court again imposed the death penalty, and this Court affirmed. Porter v. State, 429 So.2d 293 (Fla.), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983). After the governor signed a death warrant on him, Porter filed a motion for postconviction relief, and this Court affirmed the denial of that motion.[2]Porter v. State, 478 So.2d 33 (Fla. 1985).
As his first point, Porter claims that the trial court violated Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), and South Carolina v. Gathers, ___ U.S. ___, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989), by exhibiting sympathy for Porter's victims.[3] Even though we granted relief because of Booth in Jackson v. Dugger, 547 So.2d 1197 (Fla. 1989), Porter's reliance on Jackson is misplaced. An objection at trial is necessary to preserve the Booth issue. Clark v. Dugger, 559 So.2d 192 (Fla. 1990); Parker v. Dugger, 550 So.2d 459 (Fla. 1989); Adams v. State, 543 So.2d 1244 (Fla. 1989); Eutzy v. State, 541 So.2d 1143 (Fla. 1989); Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). Porter did not object at trial. His case, therefore, is factually distinguishable from Jackson's, and he is procedurally barred from raising this claim in this petition.[4] *203 Clark; Parker.
Porter also claims that the trial court's overriding his jury's recommendation of life imprisonment resulted in an arbitrarily, capriciously, and unreliably imposed death sentence. Porter challenged the jury override on appeal and in his motion for postconviction relief. 429 So.2d at 296-97; 478 So.2d at 34-35. Habeas corpus is not to be used to relitigate issues that have been determined in a prior appeal. Kennedy v. Wainwright, 483 So.2d 424 (Fla.), cert. denied, 479 U.S. 890, 107 S.Ct. 291, 93 L.Ed.2d 265 (1986); Steinhorst v. Wainwright, 477 So.2d 537 (Fla. 1985); McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983). As this Court has stated previously: "Defendants whose sentences of death have been affirmed cannot challenge their sentences again and again each time the death sentences of a later convicted murderer is reduced to life imprisonment."[5]Sullivan v. State, 441 So.2d 609, 614 (Fla. 1983). Using a different argument to relitigate the same issue is inappropriate. Quince v. State, 477 So.2d 535 (Fla. 1985), cert. denied, 475 U.S. 1132, 106 S.Ct. 1662, 90 L.Ed.2d 204 (1986). Moreover, "even though the jury override might not have been sustained today, it is the law of the case." Johnson v. Dugger, 523 So.2d 161, 162 (Fla. 1988). "It is only in the case of error that prejudicially denies fundamental constitutional rights that this Court will revisit a matter previously settled by the affirmance of a conviction or sentence." Kennedy, 483 So.2d at 426. Porter has shown no such constitutional infirmity, and, therefore, this issue is procedurally barred.
Relying on Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), and Rhodes v. State, 547 So.2d 1201 (Fla. 1989), Porter argues that the trial court erred in finding the murders to have been heinous, atrocious, and cruel. He also claims his counsel rendered ineffective assistance by failing to argue this issue adequately on appeal. Appellate counsel raised the applicability of this aggravating factor, but we found it supported by the record. 429 So.2d at 296. Maynard does not affect Florida's death sentencing procedures, Clark; Smalley v. State, 546 So.2d 720 (Fla. 1989), and Rhodes is not a change in the law that will provide postconviction relief under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Clark. Again, using a different argument to relitigate an issue in postconviction proceedings is not appropriate. Quince. Moreover, "an allegation of ineffective counsel will not be permitted to serve as a means of circumventing the rule that habeas corpus proceedings do not provide a second or substitute appeal." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987). The instant claim, therefore, is procedurally barred from consideration in these proceedings. Kennedy.
Porter also claims that the trial court impermissibly shifted the burden of showing death to be an inappropriate penalty to him in violation of Adamson v. Ricketts, 865 F.2d 1011 (9th Cir.1988). Adamson, a decision of an intermediate federal court, is not applicable retroactively under Witt. Clark; Eutzy. See Hamblen v. Dugger, 546 So.2d 1039 (Fla. 1989); Atkins v. Dugger, 541 So.2d 1165 (Fla. 1989). This issue is procedurally barred.
Citing Penry v. Lynaugh, ___ U.S. ___, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), Porter argues that the trial court improperly asserted that sympathy toward him could not be considered.[6] In Penry the Court held that the Texas penalty instructions *204 did not adequately inform the sentencing jury that it could consider and give effect to evidence of a defendant's mental retardation and abused background. This deficiency meant that the jury did not have "a vehicle for expressing its `reasoned moral response' to that evidence in rendering its sentencing decision." Id. 109 S.Ct. at 2952.
Penry is not applicable in Florida. Florida has long followed the dictates of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), that the sentencer must allow into evidence and then consider any relevant evidence bearing on the defendant's character or prior record or the circumstances surrounding the offense.[7] In Texas the jury actually sentences the defendant, while in Florida the judge performs that duty. Moreover, Texas juries must answer specific questions which determine a capital defendant's sentence. Penry held that the method of framing those questions precluded the effective consideration of nonstatutory mitigating evidence.
This is not true in Florida, and we are persuaded that Florida's law and procedure are consistent with Penry. We have long recognized that the failure to consider nonstatutory mitigating circumstances by a judge or jury is grounds for reversal. In Porter's appeal from his sentence of death we specifically addressed the issue of the judge's handling of the mitigating circumstances and found no error. 429 So.2d at 296. An ineffective assistance of trial counsel claim for failing to develop and present mitigating circumstances was denied in Porter's prior postconviction proceedings. Porter v. State, 478 So.2d at 35. We will not consider this issue again, particularly when it is predicated on an inapplicable decision.
Porter includes an allegation of ineffective assistance for counsel's failing to raise the Penry issue on appeal. Because we hold that Penry is inapplicable, there is no basis for relief on this claimed ineffectiveness.
The petition for writ of habeas corpus is denied.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT and KOGAN, JJ., concur in result only.
NOTES
[1] Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).
[2] Porter also sought relief in the federal courts, which stayed his execution. In Porter v. Wainwright, 805 F.2d 930 (11th Cir.1986), cert. denied, 482 U.S. 918, 107 S.Ct. 3195, 96 L.Ed.2d 682 (1987), the circuit court remanded to the district court for an evidentiary hearing on some of Porter's claims, but we can find no subsequent history on this case.
[3] In his findings of fact the trial judge stated:

The Court has very carefully weighed and considered the recommendation of the majority of the jury, and is especially grateful for the very close attention the jury paid during all portions of the trial. Possibly they were not affected by the extremely vivid and lurid description of an execution by electrocution read, without objection by the State, by defense counsel to the jury during the penalty portion of the trial, but watching their faces while it was read to them causes the Court to doubt this. The Court is aware that a death by electrocution is not a pretty sight, but then neither were the pictures of the bodies of the old married couple that had been brutally beaten and strangled to death because Raleigh Porter wanted their automobile. It so happens that Raleigh Porter was tried by a Judge that has a lot more sympathy for the feelings of the victims than he does worry about the sensibilities of the murderer.
Porter now complains that the final sentence of this quote demonstrates that the judge sentenced him to death on the basis of victim impact. The judge wrote this paragraph to justify overriding the jury's recommendation, and we specifically affirmed that override, and the judge's reasons for it, on direct appeal. Porter v. State, 429 So.2d 293, 296 (Fla.), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983). We do not concede that the complained-of sentence violates Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), or South Carolina v. Gathers, ___ U.S. ___, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989).
[4] Claims under Booth are cognizable in habeas corpus proceedings only in extraordinary circumstances. Clark v. Dugger, 559 So.2d 192 (Fla. 1990); Parker v. Dugger, 550 So.2d 459 (Fla. 1989); Jackson v. Dugger, 547 So.2d 1197 (Fla. 1989).
[5] Cochran v. State, 547 So.2d 928 (Fla. 1989), which Porter relies on, is an evolutionary refinement in the law, not a jurisprudential upheaval, and does not require retroactive application.
[6] In making this claim Porter relies on the same sentence in the trial court's findings that is the basis for his first issue. Supra n. 3.
[7] This includes the so-called "mental mitigating" circumstances, § 921.141(6)(b), (f), Fla. Stat. (1987), and the instruction directing the jury's attention to nonstatutory mitigation.