569 So.2d 1264 (1990)
Roy Clifton SWAFFORD, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
Roy Clifton Swafford, Appellant,
v.
STATE of Florida, Appellee.
Nos. 76769, 76884.
Supreme Court of Florida.
November 14, 1990.
*1265 Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas, Chief Asst. Capital Collateral Representative, and Jerome H. Nickerson, Mark E. Evans, Aaron Massie and Jerrel E. Phillips, Asst. Capital Collateral Representatives, Office of Capital Collateral Representative, Tallahassee, for petitioner, appellant.
Robert A. Butterworth, Atty. Gen., and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for respondent, appellee.
PER CURIAM.
Roy Swafford, a prisoner under death warrant, petitions the Court for writ of habeas corpus, appeals the trial court's denial of his motion for postconviction relief, *1266 and requests a stay of execution. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.; Fla.R.Crim.P. 3.850. Finding no merit to Swafford's arguments, we refuse to issue the writ, affirm the trial court's denial of his motion, and deny a further stay.
A jury convicted Swafford of the first-degree murder and sexual battery of a gas station/store clerk. Agreeing with the jury's recommendation, the trial court sentenced him to death. We affirmed Swafford's convictions and sentence. Swafford v. State, 533 So.2d 270 (Fla. 1988),[1]cert. denied, 489 U.S. 1100, 109 S.Ct. 1578, 103 L.Ed.2d 944 (1989).
Swafford presents four issues in his habeas petition: 1) ineffective assistance of appellate counsel for not convincing this Court that one of Swafford's statements to a travelling companion should not have been admitted at trial; 2) the state failed to prove sexual battery and counsel rendered ineffective assistance by failing to raise this issue on appeal; 3) victim impact evidence violated Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), South Carolina v. Gathers, 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989), and Jackson v. Dugger, 547 So.2d 1197 (Fla. 1989), and counsel rendered ineffective assistance by not raising this claim on appeal; and 4) the jury instructions improperly shifted to Swafford the burden of showing life imprisonment to be the appropriate penalty. We fully considered the admissibility of Swafford's statement on direct appeal. 533 So.2d at 272-275. Habeas corpus is not to be used for second appeals. Porter v. Dugger, 559 So.2d 201 (Fla. 1990); Blanco v. Wainwright, 507 So.2d 1377 (Fla. 1987). After appellate counsel raises an issue, failing to convince this Court to rule in an appellant's favor is not ineffective performance. See Porter; Harris v. Wainwright, 473 So.2d 1246 (Fla. 1985). Allegations of ineffective assistance of appellate counsel may not be used to evade the rule against using habeas corpus as a second appeal. Porter; Harris; Blanco. This issue, therefore, is procedurally barred.
If counsel had challenged the sufficiency of the evidence regarding sexual battery, we would have found no merit regarding that claim. Evidence presented at trial sufficiently supports the sexual battery conviction and the aggravating factors of heinous, atrocious, or cruel and committed during a felony.[2] Failing to brief or argue a nonmeritorious issue is not ineffective assistance of appellate counsel. King v. Dugger, 555 So.2d 355 (Fla. 1990); Suarez v. Dugger, 527 So.2d 190 (Fla. 1988). Therefore, we find no merit to Swafford's second issue.
Although Swafford argues that trial counsel objected to the introduction of victim impact evidence, the record does not show any such objections. Appellate counsel, therefore, cannot be considered ineffective for failing to argue a Booth violation because the claim had not been preserved for appeal. Squires v. Dugger, 564 So.2d 1074 (Fla. 1990); Porter. Moreover, Booth claims are cognizable in habeas corpus proceedings only in extraordinary circumstances, such as were present in Jackson. Clark v. Dugger, 559 So.2d 192 (Fla. 1990); Parker v. Dugger, 550 So.2d 459 (Fla. 1989); Jackson. Such extraordinary circumstances are not present in this case, and Swafford's third claim is procedurally barred.
The fourth claim, shifting the burden of persuasion, should have been raised on direct appeal, but trial counsel did not object to what current counsel considers error. The claim is, therefore, procedurally barred. Squires; Porter.
Swafford raised sixteen issues in his postconviction motion: 1) violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); 2) refusal to provide full access to the state's files; 3) ineffectiveness of counsel at the guilt phase; 4) ineffectiveness of counsel at the penalty phase; 5) conflict of interest of one of *1267 Swafford's public defenders who also was a special deputy sheriff; 6) conflict of interest of an attorney who previously represented both Swafford and a codefendant in another criminal matter and who continued to represent the codefendant after conviction; 7) security measures at trial violated Swafford's rights; 8) using an improperly obtained prior conviction to aggravate the sentence; 9) violation of Booth; 10) the trial court failed to independently weigh the aggravating and mitigating factors; 11) the jury instructions improperly shift the burden to a defendant to show life to be the appropriate penalty; 12) violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); 13) failure to prove corpus delicti of sexual battery; 14) the cold, calculated, and premeditated instruction violates Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988); 15) the heinous, atrocious, or cruel instruction violates Maynard; and 16) application of Florida Rule of Criminal Procedure 3.851 violates Swafford's rights. After considering the petition, the trial court, in a sixteen-page order reciting reasons therefor, denied it without an evidentiary hearing. Swafford argues that we should reverse the court's order and remand for such a hearing. We disagree.
Postconviction proceedings cannot be used as a second appeal. State v. Bolender, 503 So.2d 1247 (Fla.), cert. denied, 484 U.S. 873, 108 S.Ct. 209, 98 L.Ed.2d 161 (1987). Thus, the court properly found claims 7 through 15 procedurally barred because they should have been raised, if at all, on direct appeal. E.g., Roberts v. State, 568 So.2d 1255 (Fla. 1990); Provenzano v. Dugger, 561 So.2d 541 (Fla. 1990); Buenoano v. Dugger, 559 So.2d 1116 (Fla. 1990); Hill v. Dugger, 556 So.2d 1385 (Fla. 1990). We also agree with the trial court that the testimony complained about in claim 9 is not the type of victim impact evidence prohibited by Booth. As to claim 5, co-counsel's involvement in the case was minimal and Swafford could not have been prejudiced. The court correctly found claim 6 to be irrelevant. As noted by the court, we have repeatedly held that claim 16 has no merit. E.g., Roberts; Correll v. Dugger, 558 So.2d 422 (Fla. 1990). Regarding issue 2, the court found that the dictates of Provenzano and State v. Kokal, 562 So.2d 324 (Fla. 1990), had been complied with. We find no abuse of discretion in declining a stay to allow further review of the recently furnished investigatory files.
In claim 1, Swafford argued that the state failed to disclose exculpatory evidence. "The test for measuring the effect of the failure to disclose exculpatory evidence, regardless of whether such failure constitutes a discovery violation, is whether there is a reasonable probability that `had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Duest v. Dugger, 555 So.2d 849, 851 (Fla. 1990) (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985)). The court found that no Brady violation had occurred and that Swafford had not established the materiality of the information he claims the state withheld. Thus, the court concluded: "There is no possibility that the result of the proceeding would have been different even if all this information were available." Swafford has shown no error in the court's ruling, and we hold that the court correctly refused to hold an evidentiary hearing on this claim. Accord Roberts.
Claims 3 and 4 alleged ineffective assistance of counsel at both the guilt and penalty phases of trial. To prevail on a claim of ineffective assistance, both substandard performance and prejudice caused by that performance must be demonstrated. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To be granted an evidentiary hearing on such a claim, a petitioner must allege specific facts not conclusively rebutted by the record that show a deficient and prejudicial performance. Roberts; Kennedy v. State, 547 So.2d 912 (Fla. 1989). Here, the court found Swafford's allegations "are refuted by the record, represent trial strategy, or are legally insufficient." The court also held that Swafford had demonstrated no *1268 prejudice under any of the claims. Regarding the evidence Swafford now advances, the court stated that Swafford's father would not testify at trial and that his mother could not and that the now-advanced information would not have changed the result. We agree that Swafford's claims fail to meet the prejudice test of Strickland and hold that the court did not err in refusing to hold an evidentiary hearing on claims 3 and 4. Accord Roberts; Correll.
Therefore, we deny the petition for writ of habeas corpus, affirm the trial court's denial of postconviction relief, and deny a further stay of execution.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH and GRIMES, JJ., concur.
BARKETT, J., dissents with an opinion, in which KOGAN, J., concurs.
NO MOTION FOR REHEARING WILL BE ALLOWED.
BARKETT, Justice, dissenting.
I believe Swafford is entitled to an evidentiary hearing on his claims under Brady v. Maryland and on his ineffective assistance of counsel claims.
KOGAN, J., concurs.
NOTES
[1] The facts are set out more fully in the opinion on direct appeal.
[2] The victim's being abducted also supports these aggravating factors.