**Bobby Earl LUSK, Petitioner–Appellant,**

v.

**Harry K. SINGLETARY, Secretary, Florida Department of Corrections, Respondent–Appellee.**

No. 91–3394.

United States Court of Appeals, Eleventh Circuit.

Oct. 19, 1992.

Rehearing and Suggestions for Rehearing En Banc Denied Oct. 28, 1992.

Richard Ware Levitt, New York City, for petitioner-appellant.

Mark C. Menser, Asst. Atty. Gen. Dept. of Legal Affairs, Tallahassee, Fla., for respondent-appellee.

Before EDMONDSON, COX and BIRCH, Circuit Judges.

PER CURIAM:

The panel hereby grants rehearing, although on grounds other than those urged by petitioner Lusk. The panel readopts all parts of its opinion dated June 22, 1992, reported at 965 F.2d 946 (11th Cir.1992), except for Part C; Part C is withdrawn, and what follows is substituted for Part C. The petition for panel rehearing is otherwise denied.

C. Sentencing Court's Refusal to Consider Mitigating Evidence

Lusk claims that the trial court refused to consider and give effect to mitigating evidence. Specifically, he points to the court's statement that "[t]he law of this State does not permit this Court to extend mercy to this Defendant or others convicted of a capital felony." Appendix at 595. Lusk argues that the statement reflected the court's general unwillingness to recognize and consider nonstatutory mitigating circumstances. Appellant's Brief at 32. We disagree.

The trial court's remarks during sentencing reveal that it was willing to consider both statutory and nonstatutory mitigating circumstances.

> There are no mitigating circumstances *either those prescribed by statute or otherwise.*
>
> .   .   .   .   .
>
> There are no mitigating circumstances and the aggravating circumstances are clear, abundant, and convincing, which compel a finding and determination by this Court that there are insufficient mitigating circumstances to outweigh the aggravating circumstances.
>
> *The Court has not limited its consideration of mitigating circumstances to only those prescribed by statute,* but has limited its consideration of aggravating circumstances to those specified in Section 921.141, Florida Statutes.

Appendix at 593–94 (emphasis added). Given these statements, we conclude that the trial court acted in accordance with Florida's established practice of considering both statutory and nonstatutory mitigating circumstances. As the Florida Supreme Court has stated, "[w]e have long recognized that the failure to consider nonstatutory mitigating circumstances by a judge or jury is grounds for reversal." *Porter v. Dugger,* 559 So.2d 201, 204 (Fla.1990). We also note Lusk does not claim that he was

in any way limited as to the nonstatutory mitigating evidence which he was allowed to introduce during the sentencing phase.