473 So.2d 1246 (1985)
Theodore Christopher HARRIS, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., Respondent.
No. 66523.
Supreme Court of Florida.
June 13, 1985.
Rehearing Denied August 30, 1985.
Daniel L. Rabinowitz and Keith E. Lynott of McCarter & English, Boca Raton, and Newark, N.J., for petitioner.
Jim Smith, Atty. Gen., Tallahassee, Carolyn Snurkowski and Julie S. Thornton, Asst. Attys. Gen., Miami, for respondent.
OVERTON, Justice.
This is a post-conviction relief proceeding in which the petitioner seeks habeas corpus relief from his conviction and sentence of death for the 1981 murder of a 73-year-old *1247 woman. This Court affirmed the petitioner's conviction and the imposition of the death penalty in Harris v. State, 438 So.2d 787 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984). We have jurisdiction, article V, section 3(b)(9), Florida Constitution, and we deny relief.
In this proceeding, petitioner claims that he was denied effective assistance of counsel during his direct appeal to this Court. He alleges that his appellate counsel failed to adequately challenge the validity of the affidavit of probable cause that supported the warrant for his arrest.
The factual circumstances of this case are detailed in our initial opinion in Harris v. State. In that opinion, we expressly addressed the argument that "the arrest warrant was not supported by probable cause because the sworn affidavit upon which the warrant was issued contained factual misrepresentations and inaccuracies." 438 So.2d at 793. The trial judge, at a pretrial suppression hearing, specifically addressed this issue and concluded that there was sufficient content within the affidavit to support a finding of probable cause, even after the elimination of the allegedly false statements. We agreed, finding that the facts in the affidavit were legally sufficient to support the arrest warrant.
Petitioner admits that the issue was presented and ruled on by this Court on direct appeal, but argues that his appellate counsel was ineffective because he failed to adequately investigate and articulate the falsities and misstatements that were made by the investigating officer in the affidavit. Petitioner argues that his prior appellate counsel devoted only 7 1/2 out of 56 pages in his brief to this critical issue, failed to include any record of testimony of witnesses who contradicted allegations in the affidavit, failed to file a reply brief in response to numerous misstatements by the state, and failed to properly address this issue during oral argument before this Court. He contends that, had appellate counsel adequately presented the issue, this Court would have reversed the trial court's ruling concerning the validity of the warrant and would have ordered the suppression of his confession.
Under the guise of a claim of ineffective assistance of appellate counsel, petitioner is seeking a second review of an issue that was previously raised and expressly addressed by this Court. A petition for writ of habeas corpus was never intended to be a means to re-argue legal claims that have already been raised and ruled on by this Court. Messer v. State, 439 So.2d 875 (Fla. 1983); see also In re Shriner, 735 F.2d 1236 (11th Cir.1984); United States v. Jones, 614 F.2d 80 (5th Cir.), cert. denied, 446 U.S. 945, 100 S.Ct. 2174, 64 L.Ed.2d 801 (1980); Sullivan v. State, 441 So.2d 609 (Fla. 1983); McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983); Hargrave v. Wainwright, 388 So.2d 1021 (Fla. 1980). Further, in our view, petitioner's allegations do not establish a deficiency of appellate counsel that caused a prejudicial impact on the petitioner by "compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome" under the standards expressed in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Johnson v. Wainwright, 463 So.2d 207, 209 (Fla. 1985); see also Smith v. State, 457 So.2d 1380 (Fla. 1984).
For the reasons expressed, the petition for writ of habeas corpus is denied.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.