477 So.2d 537 (1985)
Walter Gale STEINHORST, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary of the Florida Department of Corrections, Respondent.
No. 64755.
Supreme Court of Florida.
September 26, 1985.
Rehearing Denied November 19, 1985.
*538 Stephen D. Alexander and Wendy Snyder of Fried, Frank, Harris, Shriver & Jacobson, New York City, for petitioner.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
This proceeding is before the Court on the petition of Walter Gale Steinhorst for a writ of habeas corpus. Petitioner Steinhorst is a state prisoner under sentence of death. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
Steinhorst was convicted of four counts of first-degree murder. He received sentences *539 of death on three of the murder convictions and a sentence of life imprisonment on the remaining conviction. On appeal, this Court affirmed the convictions and the sentences of death. Steinhorst v. State, 412 So.2d 332 (Fla. 1982). By means of this habeas corpus petition, Steinhorst now asserts that he was deprived of the effective assistance of counsel on appeal with the result that he did not receive a full and adequate process of appellate review. He seeks a renewed appeal as to several specific issues identified as having been previously neglected.
We note at the outset that, with regard to each of the issues upon which petitioner contends he received inadequate legal representation, the legal merits of those issues, had they been argued on appeal, are not before us. The principle of finality of judgments, and the requirement that challenges to judgments and sentences be made by means of the one appeal to which a convicted person is entitled by law, prohibit allowing the writ of habeas corpus to be utilized as a vehicle for obtaining a second appeal. It is only if a case of ineffectiveness of counsel is established that this Court will address the merits of the previously neglected arguments by means of a belated appeal. See, e.g., Wilson v. Wainwright, 474 So. 1162 (Fla. 1985).
Petitioner first argues that his counsel on appeal was inadequate in not arguing that petitioner was improperly prejudiced by pretrial publicity in violation of his due process rights. This issue, however, was not raised at trial by means of some kind of motion for protection or relief from the effects of publicity. Therefore, petitioner's appellate counsel would have been precluded from making the argument by the firmly established principle that an appellate court will not consider arguments of legal error not raised before the trial court.
Petitioner argues that his appellate counsel should not have thought that he was precluded from making the argument concerning publicity because the effects of publicity created such a substantial due process violation as to constitute fundamental error. Thus in effect the petitioner is arguing that his appellate counsel, in order to be considered effective, was required to argue that the trial court had erred in not taking action to remedy the effects of pretrial publicity on its own motion. The essence of the argument being made is that the lack of protective action by the trial court on its own motion, being fundamental error, provided a ground for appeal that appellate counsel should have argued even though trial counsel apparently did not perceive a sufficient unfavorable impact to justify asking the trial court for some kind of judicial relief or protection from the effects of the publicity. We find this argument to be completely devoid of merit. A claim of denial of a fair trial due to publicity can be presented on appeal only if the aggrieved appellant has attempted to secure relief from the effects of publicity by means of some kind of motion before the trial court. If defense counsel at trial does not perceive sufficient unfavorable impact or prejudice to his right to a fair trial to justify asking the court for some kind of remedy, and therefore does not seek such relief by motion, any subsequent reliance on the issue as a ground of attack on the outcome of the trial is waived. See, e.g., Stone v. State, 378 So.2d 765 (Fla. 1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980).
Petitioner next argues that his counsel on appeal inadequately argued the contention that the trial court had erred in granting the state two challenges of prospective jurors for cause based on expressions of views unfavorable to capital punishment. It should be noted that petitioner's appeal counsel did in fact argue to this Court that the allowance of challenges for cause based on death penalty views was error on the ground that it deprived him of a trial by a jury representative of the community. The argument was rejected on its merits by this Court. 412 So.2d at 335. Petitioner argues that his appeal counsel omitted two other grounds of appellate attack and inadequately argued the ground that was asserted.
*540 Petitioner argues that the trial court's rulings on the two prospective jurors were susceptible to challenge on appeal on three grounds: (1) violation of the principle of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 368 (1968), with regard to the role of the jury in making a capital sentencing recommendation; (2) that the challenges allowed the state to empanel a jury that was "conviction-prone"; (3) that the challenges deprived petitioner of a trial on guilt or innocence by a jury drawn from a representative sampling of the community.
With regard to the Witherspoon issue it is clear to us that appellate counsel did not argue the issue because it did not appear to carry much chance of success. That is, counsel believed that the challenges for cause were properly granted under Florida law and under the Witherspoon principle. When counsel makes a choice not to argue an issue due to his unfavorable evaluation of his chance for success comparing his set of facts with the principles of prevailing law, and his evaluation is reasonably accurate, reflecting reasonable competence, the omission cannot be characterized as ineffectiveness of counsel. We find that the lack of argument on the Witherspoon question was based on a reasonable choice.
With regard to the argument that appellate counsel should have attacked the challenges on the ground that they rendered the jury conviction-prone, we observe that appellate counsel could not have raised the issue because it was not raised by objection at trial. See, e.g., Maggard v. State, 399 So.2d 973 (Fla. 1981). Moreover, the argument that the procedure for qualification of jurors to participate in making a capital sentencing recommendation creates a "conviction-prone" jury in violation of due process had not been recognized as meritorious under prevailing law at the time of petitioner's appeal, nor has it been since then. The failure to present a novel legal argument not established as meritorious in the jurisdiction of the court to whom one is arguing is simply not ineffectiveness of legal counsel.
Regarding the third ground of attack on the jury selection rulings mentioned above, it should be noted that the issue of denial of a representative jury was in fact argued on appeal and rejected on its merits by this Court. Petitioner's contention that it was inadequately argued merely expresses dissatisfaction with the outcome of the argument in that it did not achieve a favorable result for petitioner. We cannot conclude that appellate counsel was inadequate in the manner in which he argued the issue as the proposition in question had not then and has not now been established as meritorious under the applicable law. See, e.g., Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); Riley v. State, 366 So.2d 19 (Fla. 1978).
Next petitioner argues that his appeal counsel was ineffective in that he did not adequately argue that the trial court had erred in allowing state witnesses to testify after violation of the court's order of witness sequestration. We note that it was in fact argued on appeal that the trial court had committed reversible error in connection with this matter. Petitioner's contention that appeal counsel did not properly and adequately argue the issue is thus essentially a complaint about the fact that the argument did not succeed. Petitioner's argument emphasizes the merits of the issue and seeks to reargue it rather than to show that counsel's performance was deficient. The mere fact that the argument on appeal could have been presented differently does not show that the alternative approach used now was the required approach to the issue under standards of professional competence. In response to appellant's demand for a new trial based on this issue on appeal, this Court held that the trial court had adequately remedied the problem, which arose through inadvertence and did not prejudice the defense. Thus petitioner's present contention that the issue should have been argued differently *541 and that he was therefore deprived of a genuine appellate process is without merit.
Next petitioner argues that his appeal counsel, although he argued that the trial court had improperly limited cross-examination of a state witness in violation of due process, did not present the issue adequately and properly. Again it appears that petitioner regards the performance of appellate counsel as inadequate because it was not successful. Petitioner seeks to reopen the question of the legal correctness of the trial court's ruling regarding the testimony of the witness on cross examination.
As petitioner must acknowledge, appeal counsel did in fact argue that the trial court had violated defendant's rights by refusing to compel a certain witness to answer questions posed by defense counsel on cross examination. At trial state's witness Capo testified concerning a conversation he had with Steinhorst in which the latter made an inculpatory statement. On cross examination the defense sought to inquire about Capo's leading role in the marijuana smuggling conspiracy out of which the murders arose. The witness's own attorney objected, advised his client not to answer, relying on the fifth amendment privilege, and questioned the scope and operation of the state's grant of immunity to Capo given in exchange for his testimony. It appeared that although immunized from state prosecution, Capo at the time was still subject to prosecution in federal court for marijuana importation. The court sustained Capo's objection to the line of questioning and declined to allow defense counsel to pursue it further.
On appeal, petitioner's counsel argued that the trial court had erroneously limited the defendant's cross-examination of the witness, preventing the development of a viable theory of defense in violation of due process principles. The theory then argued was that Capo, as one of the main organizers of the smuggling operation, was responsible for the murders and was testifying for the state in order to place criminal liability for the murders on Steinhorst. This Court rejected the argument that the trial court's action was reversible error, stating numerous grounds. See 412 So.2d at 336-339. Petitioner argues that had the issue been presented differently, this Court would have found the argument meritorious and ordered a new trial and that the manner in which appeal counsel handled the issue was deficient under standards of professional competence. We cannot accept the argument. While it is nearly always possible to envision a different approach to arguing an issue on appeal after a particular attempt has not been successful, such a speculation based on the benefit of hindsight does not establish ineffectiveness of counsel.
Petitioner says that rather than arguing prevention of the development of a theory of defense, appellate counsel should have challenged the procedure whereby the objection to defendant's cross examination of the witness was made on behalf of the witness himself rather than by the state. However, as pointed out by this Court's opinion on appeal, the trial court's ruling was correctly based on the proposition that cross-examination is properly limited to relevant matters within the scope of direct examination. We do not perceive that a challenge based on the question of who can properly object to cross examination would in any reasonable likelihood have achieved any different result from the appellate process.
Finally petitioner says that his appeal attorney rendered defective professional service in not arguing that the trial court in sentencing petitioner to death had improperly considered information derived from a source other than the record evidence adduced at petitioner's trial. Petitioner argues that the trial judge considered and relied upon information learned from presiding at the trial of codefendant David Goodwin and that as such, the information was improper non-record information to which the defendant did not have an adequate opportunity to respond. On appeal, this Court found the trial court's findings supported by record evidence. We do not *542 find that petitioner's argument establishes a deficiency of performance by appellate counsel on this point.
For the foregoing reasons, the petition for writ of habeas corpus is denied.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.