502 So.2d 901 (1987)
Dan Edward ROUTLY, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., et al., Respondents.
No. 69089.
Supreme Court of Florida.
February 12, 1987.
*902 Richard M. Leslie, Frank Valdes and Thomas H. Buscaglia of Shutts & Bowen, Miami, for petitioner.
Robert A. Butterworth, Jr., Atty. Gen., and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for respondents.
ADKINS, Justice (Ret.).
Dan Edward Routly, a state prisoner under sentence of death, petitions this Court for the issuance of a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. Because we find no merit to the numerous allegations raised involving ineffective assistance of appellate counsel, we deny all relief.
Petitioner was convicted of the 1979 first-degree murder of a retiree who had resided in the Ocala, Florida, area. The trial court overrode a jury recommendation of life and imposed a death sentence. This Court affirmed Routly's conviction and sentence in Routly v. State, 440 So.2d 1257 (Fla. 1983), cert. denied, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 888 (1984). In this petition, Routly identifies numerous alleged omissions and inadequacies in several aspects of appellate counsel's representation *903 which he contends constituted a breakdown in the adversarial process. He alternatively contends that the manner of appellate counsel's appointment in this case, as well as the statutory provision setting forth counsel's compensation for the representation, section 925.036, Florida Statutes (1985), present persuasive evidence of ineffective assistance on appeal. We find no merit to any of the three grounds on which petitioner seeks relief.
Petitioner first points, as "[t]he paradigm example of appellate counsel's substandard performance," to counsel's treatment of an issue involving prosecutorial misconduct. During the voir dire of the prospective jury below, the prosecution made four references to petitioner's "right to take the witness stand." Petitioner contends that counsel's failure to obtain a reversal on this point demonstrates ineffective assistance. We cannot agree. First, only one of the statements had been objected to at trial, and therefore only that statement could be attacked upon appeal. As noted in Downs v. Wainwright, 476 So.2d 654, 657 (Fla. 1985), "[w]e have repeatedly held that appellate counsel cannot be considered ineffective for failing to raise issues which he was procedurally barred from raising because they were not properly raised at trial." See also Ruffin v. Wainwright, 461 So.2d 109 (Fla. 1984).
Second, appellate counsel did present to this Court the issue raised by the single preserved statement, and in his brief contended that our decision of David v. State, 369 So.2d 943 (Fla. 1979), required reversal based on the alleged comment without resort to the doctrine of harmless error. We considered and rejected that argument. We once again find it appropriate to note that "[p]etitioner's contention that [the point] was inadequately argued merely expresses dissatisfaction with the outcome of the argument in that it did not achieve a favorable result for petitioner." Steinhorst v. Wainwright, 477 So.2d 537, 540 (Fla. 1985). We therefore decline petitioner's invitation to utilize the writ of habeas as a vehicle for the re-argument of issues which have been raised and ruled on by this Court. Harris v. Wainwright, 473 So.2d 1246 (Fla. 1985).
Petitioner next attacks appellate counsel's failure to adequately argue a multitude of issues including, among others, the constitutionality of Florida's death penalty statute, the admissibility of Routly's out-of-court statement, the validity of the continuance of the trial based on a witness's unavailability, and the propriety of the trial court's finding as an aggravating circumstance that the murder was committed in the course of a burglary. We have carefully examined each of these contentions, and find that petitioner has failed to allege specific acts and omissions constituting a serious deficiency in appellate counsel's performance. Downs v. Wainwright. The fact that the case might conceivably have been argued in a different manner in no way points to inadequate representation on appeal. Having found no serious specific deficiencies in counsel's performance, we cannot find that the appellate process has been compromised to such a degree as to undermine confidence in the fairness and correctness of the appellate result. See Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla. 1985), applying Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Petitioner focuses his next attack not on the performance of appellate counsel, but on the manner of such counsel's appointment. Citing our language in Wilson v. Wainwright indicating that "[a] perfunctory appointment of counsel without consideration of counsel's ability to fully, fairly, and zealously advocate the defendant's cause is a denial of meaningful representation which will not be tolerated," 474 So.2d at 1165, petitioner contends that the appointment process doomed his appeal before it had ever begun. It is further contended that appellate counsel violated his ethical duties by failing to inform his client and the court of his incompetence. Both of these points wholly lack merit.
*904 First, we intended to establish no requirement of a formal hearing or inquiry regarding a prospective appointee through our decision in Wilson. The cited language properly emphasized the seriousness of the task before the appointing judge in evaluating the choices before him and deciding which member of the Bar is best qualified under the circumstances to undertake criminal representation of an indigent accused. We have no evidence before us to suggest that the appointing judge below failed to conscientiously perform his assigned duties in appointing appellate counsel, and reject petitioner's assertion that such a presumption should be indulged in the absence of a formal appointment hearing on the record.
We find equally meritless petitioner's contention that appellate counsel, a member of The Florida Bar in good standing, lacked the capacity to evaluate and legitimately determine his competency to undertake the representation assigned to him. Counsel should be lauded rather than attacked for fulfilling his responsibilities to the Bar, and we find the suggestion that he had a duty to "disclose his incompetence" rebutted by the caliber of services rendered on the direct appeal below.
Finally, petitioner contends that the application of the statutory fee limits for court-appointed representation set forth in section 925.036, Florida Statutes (1985), unconstitutionally deprived him of adequate representation. While we recently found the statutory compensation scheme unconstitutional as applied to extraordinary representation, Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986), we see no record evidence supporting the contention that the statute was applied in this case in such a manner as to throw into question the validity of petitioner's appeal. We therefore reject this claim.
Finding no basis on which to grant relief, we deny the petition for writ of habeas corpus.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.