LAWRENCE, J.,
dissenting.
A jury found Khalif Jones (Jones) guilty of one count of armed kidnapping, three counts of armed robbery, and two counts of armed carjacking. Jones committed these crimes on April 20, 1997, in Duval County, when he and his two accomplices pointed guns at the victim — a paper boy delivering his early-morning wares; carjacked the victim’s car; made the victim drive his manual-shift car to the next victims’ car — a newer, automatic vehicle; robbed the occupants of the newer car; and carjacked the second victims’ car. The paper boy escaped when Jones and his accomplices were distracted by the newer car. The trial judge sentenced Jones, pursuant to the guidelines, to concurrent thirty-year terms, including six mandatory years.
The majority finds that a Bruton[1] error occurred in this case, and thus concludes that the trial judge should have granted Jones’ motion for mistrial. I disagree and respectfully dissent.
The Florida Supreme Court explains the Bruton violation:
The fact that the defendants here were tried separately rather than jointly does not vitiate the constitutional infirmity. The crux of a Bru-ton violation is the introduction of statements which incriminate an accused without affording him an opportunity to cross-examine the declar-ant. It is immaterial whether denial of this opportunity occurs because the statements are introduced through the testimony of a third party or because the speaker takes the stand and refuses to answer questions concerning the statements.
As a fallback argument, the state contends that neither the requirements of section 90.804(2)(c) nor the confrontation clause were actually violated because Nelson’s name never appears directly on the tape. Clearly, however, the state *1223 introduced the tape for the purpose of implicating Nelson. A defendant’s name need not be expressly used to achieve this goal and trigger a confrontation clause violation.
Nelson v. State, 490 So.2d 32, 34 (Fla.1986) (citations omitted) (emphasis added) (reversing Nelson’s murder conviction because the taped statement of a separately tried codefendant, implicating Nelson in the planning of a contract murder, was admitted into Nelson’s trial). A statement implicating Jones in the instant crimes thus is essential to a Bruton error; the instant record however discloses no such statement. The officer’s testimony implicates Jones in no crime. Bruton thus is irrelevant to the instant case and, in my view, the trial judge correctly so found, and correctly denied Jones’ motion for mistrial.
The majority nevertheless finds otherwise and buttresses its finding of a Bruton error with Gray v. Maryland, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998). The Gray court holds that it is error to introduce, during a joint trial, the redacted confession of a nontestifying co-defendant that leaves “an obvious blank space or a word such as ‘deleted,’” or “other similarly obvious indications of alteration,” especially where, immediately after the redacted confession is read, the detective affirmatively answers the prosecutor’s question, “after [Bell] gave you that information, you subsequently were able to arrest Gray, is that correct?” Id. at 1155, 523 U.S. 185. The redacted confession addressed in Gray obviously referred to the defendant, the defendant’s right to confront his accuser thus was abridged. Gray is inapposite to the instant case: no redacted confession by Kearney is involved, much less a redacted confession followed by a direct question implicating Jones. The instant case is devoid of “statements that, despite redaction, obviously refer directly to ... the defendant.” Gray.
The substitution of the majority’s finding of error for the trial judge’s finding is problematic. We know that “the question of whether a mistrial is proper falls within the trial court’s discretion and should not be granted unless an absolute legal necessity to do so exists.” Palmer v. State, 486 So.2d 22, 23 (Fla. 1st DCA 1986) (citation omitted) (emphasis added) (affirming conviction and holding that a witness’s remark that he thought the defendant had already pleaded guilty to the charged crime did not constitute fundamental error). We also know that “discretion is abused only where no reasonable [person] would take the view adopted by the trial court.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). The standard for granting a reversal after a motion for mistrial is denied moreover is whether the error is so prejudicial as to “vitiate the entire trial.” Reaves v. State, 639 So.2d 1 (Fla.1994) (affirming the imposition of the death penalty, despite a number of harmless trial errors). Jones makes no claim that the officer’s statement vitiated his entire trial. The majority’s substitution of its finding of a Bruton error for the trial court’s finding that no such error occurred fails to comport with our principles of appellate review.
The trial judge’s denial of Jones’ motion for mistrial, based on the judge’s finding that no Bruton error occurred, is a correct exercise of the judge’s discretion in my view. I therefore would affirm Jones’ convictions and sentences.

. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).