837 So.2d 396 (2003)
William REAVES, Petitioner,
v.
James V. CROSBY, Jr., etc., Respondent.
No. SC02-15.
Supreme Court of Florida.
January 9, 2003.
William M. Hennis, III, Assistant CCRC, Office of the Capital Collateral Regional CounselSouth, Fort Lauderdale, FL, for Petitioner.
*397 Charlie Crist, Attorney General, and Celia A. Terenzio, Assistant Attorney General, West Palm Beach, FL, for Respondent.
PER CURIAM.
William Reaves, an inmate under sentence of death, petitions this Court for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.
In the early morning hours of September 23, 1986, Reaves fatally shot Deputy Sheriff Richard Raczkoski. Our prior opinion sets forth the relevant facts and procedural history. See Reaves v. State, 639 So.2d 1, 3 (Fla.1994). After the jury recommended death by a vote of ten to two, the trial court concluded that the aggravating circumstances of the crime[1] outweighed the mitigating circumstances[2] and followed the jury's recommendation. On direct appeal, appellate counsel raised sixteen claims.[3] This Court affirmed the conviction and sentence. See id. Reaves filed a motion for postconviction relief with the trial court, which was summarily denied. This Court remanded the matter to the trial court, finding that the trial court erred in summarily denying Reaves' claim relative to whether trial counsel was ineffective in failing to pursue a voluntary intoxication defense. Reaves v. State, 826 So.2d 932 (Fla.2002). Reaves now files this petition for a writ of habeas corpus.
In his first claim, Reaves asserts that appellate counsel was ineffective by (1) failing to argue the trial court's error in prohibiting the admission of Dr. Weitz's psychological testimony during the guilt phase, (2) failing to properly argue on appeal issues pertaining to Hinton's prior inconsistent statements, (3) failing to properly argue Reaves' claim regarding the admissibility of evidence relative to his attempt to sell cocaine in Georgia, and (4) improperly arguing the trial court's error when it failed to find numerous mitigating factors. These claims, or variants to the claims, have already been raised and addressed by this Court on direct appeal. *398 See Reaves, 639 So.2d at 3. As we have repeatedly held, "it is improper to argue in a habeas petition a variant to a claim previously decided." Porter v. Moore, 27 Fla. L. Weekly S606, S606 (Fla. June 20, 2002). See also Jones v. Moore, 794 So.2d 579, 586 (Fla.2001) ("This Court previously has made clear that habeas is not proper to argue a variant to an already decided issue."); Routly v. Wainwright, 502 So.2d 901, 903 (Fla.1987) ("[P]etitioner's contention that [the point] was inadequately argued merely expresses dissatisfaction with the outcome of the argument in that it did not achieve a favorable result for petitioner. We therefore decline petitioner's invitation to utilize the writ of habeas as a vehicle for the re-argument of issues which have been raised and ruled on by this Court.") (citation and quotation marks omitted). Hence we deny relief.
Reaves next contends that his appellate counsel was ineffective when he failed to raise as error the trial court's denial of his motion to disclose Officer Raczkoski's personnel recordsrecords which he contends could have shown how Officer Raczkoski tended to respond in stressful situations. The record reveals that the trial court denied Reaves' motion to compel based in part on the judge's belief that this information may be available in public records:
[B]efore I determine whether [the records are] in the quasi custody of the prosecution through another government agency encompassed within the Nineteenth Circuit, I want you to explore the public records requirements, and in the event that all other avenues fail, pursuant to the [public records] statute, then I'll allow you to refile.
Defense counsel did not pursue the matter further, so this issue was not preserved for appeal.[4] As this issue does not concern a fundamental error, "appellate counsel cannot be deemed ineffective for failing to raise an unpreserved claim." Asay v. Moore, 828 So.2d 985, 993 (Fla.2002). We deny this claim.
Reaves' final claim asserts that appellate counsel was ineffective for failing to argue that Reaves' prior convictions should not have been considered as an aggravating factor. Other than one cursory sentence, however, counsel fails to provide any argument relative to this ground, and accordingly, we find that it is not properly before this Court. See Duest v. Dugger, 555 So.2d 849, 852 (Fla.1990) ("The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived."). Accordingly, we deny the petition for writ of habeas corpus.
It is so ordered.
WELLS, LEWIS, QUINCE, and CANTERO, JJ., and SHAW, Senior Justice, concur.
PARIENTE, J., concurs in result only with an opinion, in which ANSTEAD, C.J., concurs.
PARIENTE, J., concurring in result only.
I concur in result only because, with one exception,[5] I do not believe that the issues *399 in Reaves' first claim of ineffective assistance are procedurally barred. Reaves asserts that appellate counsel was ineffective in the manner in which he argued the issues of the exclusion of prior inconsistent statements by witness Hinton, the admission of evidence of his attempted cocaine sale, and the trial court's failure to find numerous mitigating factors. We have previously recognized that the question raised by challenges to appellate counsel's approach in arguing an issue is whether an alternative tack "would in any reasonable likelihood have achieved any different result from the appellate process." Steinhorst v. Wainwright, 477 So.2d 537, 541 (Fla.1985). A claim that an issue should have been presented differently is necessarily to some degree a variant of the previous argument, and should not be denied for that reason alone.
Instead, I would deny relief because these claims are without merit. In the direct appeal, we agreed with counsel's argument that the trial court erred in excluding Hinton's prior inconsistent statements and in admitting the evidence of Reaves' attempt to sell cocaine in Georgia, but determined that these errors were harmless. See Reaves v. State, 639 So.2d 1, 4, 5 (Fla.1994). Accordingly, I cannot conclude that Reaves' counsel was ineffective in failing to obtain reversal on these claims. Nor was counsel ineffective in the manner in which he argued the issue of the failure to find nonstatutory mitigators. "While it is nearly always possible to envision a different approach to arguing an issue on appeal after a particular attempt has not been successful, such a speculation based on the benefit of hindsight does not establish ineffectiveness of counsel." Steinhorst, 477 So.2d at 541.
Finally, I question whether disposition of this habeas petition is premature in light of the fact that we have remanded a portion of Reaves' rule 3.850 claim regarding ineffective assistance of trial counsel to the trial court for an evidentiary hearing. See Reaves v. State, 826 So.2d 932, 944 (Fla.2002).
ANSTEAD, C.J., concurs.
NOTES
[1] The trial court found three aggravating circumstances: (1) Reaves was previously convicted of a felony involving the use or threat of violence to the person; (2) the capital felony was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody; and (3) the capital felony was especially heinous, atrocious, or cruel (HAC). § 921.141(5)(b), (e), (h), Fla. Stat. (1985). On direct appeal, this Court held that HAC was not applicable, but the death penalty was still warranted.
[2] The trial court found that no statutory mitigation existed and three nonstatutory mitigating circumstances applied: (1) Reaves was honorably discharged from military service; (2) he had a good reputation in his community up to the age of sixteen; and (3) he was a considerate son to his mother and good to his siblings.
[3] Appellate counsel asserted that the trial court erred by (1) refusing to admit evidence of witness Hinton's prior inconsistent statements, (2) ruling erroneously on various jury selection issues, (3) excluding Dr. Weitz's testimony during the guilt phase, (4) denying Reaves' motion to disqualify the Office of the State Attorney, (5) denying Reaves' motions for mistrial based upon prosecutorial misconduct, (6) permitting the admission of irrelevant and prejudicial evidence of Reaves' attempted drug transaction in Georgia, (7) determining that the court had jurisdiction to try the case, (8) giving erroneous jury instructions relative to charges regarding first-degree murder, reasonable doubt, and the burden of proof, (9) admitting over objection various inflammatory pieces of evidence and permitting numerous deputies to remain in the courtroom during the proceedings, (10) denying Reaves' motion to dismiss the jury venire, (11) refusing to appoint co-counsel, (12) denying Reaves' motion to compel discovery, (13) finding that the crime was HAC, (14) failing to find two statutory mitigators applied in the case, and (15) failing to find numerous nonstatutory mitigation. Reaves also challenged the constitutionality of Florida's death penalty statute.
[4] See Armstrong v. State, 642 So.2d 730, 740 (Fla.1994) (holding that the failure to obtain ruling on a motion fails to preserve the issue for appeal).
[5] I agree that the argument on the exclusion of Dr. Weitz's guilt-phase testimony is merely a variant of the claim concerning "Vietnam Syndrome" evidence which we rejected in the direct appeal. See Reaves v. State, 639 So.2d 1, 4-5 (Fla.1994).