# Supreme Court of Florida

_____

No. SC18-57
_____

**WILLIAM REAVES,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[May 2, 2018]

PER CURIAM.

We have for review William Reaves' appeal of the circuit court's order denying Reaves' motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Reaves' motion sought relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). After this Court decided *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), Reaves responded to this Court's order to show cause arguing why *Hitchcock* should not be dispositive in this case.

After reviewing Reaves' response to the order to show cause, as well as the State's arguments in reply, we conclude that Reaves is not entitled to relief. Reaves was sentenced to death following a jury's recommendation for death by a vote of ten to two, and his sentence became final in 1994. *Reaves v. State*, 639 So. 2d 1, 3 (Fla. 1994). Thus, *Hurst* does not apply retroactively to Reaves' sentence of death. *See Hitchcock*, 226 So. 3d at 217. Accordingly, we affirm the denial of Reaves' motion.

The Court having carefully considered all arguments raised by Reaves, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
LEWIS and CANADY, JJ., concur in result.

PARIENTE, J., concurring in result.

As in the other *Hitchcock*[1]-related cases, I concur in result because I recognize that this Court's opinion in *Hitchcock* is now final. However, I continue to adhere to the views expressed in my dissenting opinion in *Hitchcock* that *Hurst*[2]

---

1. *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017).

2. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 136 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

should apply retroactively to defendants like Reaves. *Hitchcock*, 226 So. 3d at 220-21 (Pariente, J., dissenting).

Applying *Hurst* to Reaves' case, I note that, in addition to the jury's nonunanimous recommendation for death, this Court determined on direct appeal that "the trial court improperly found the aggravating factor of heinous, atrocious or cruel" because the crime was not "unnecessarily torturous to the victim or set apart from the norm in capital cases." *Reaves v. State*, 639 So. 2d 1, 6 (Fla. 1994); *accord id.* at 3; *see Middleton v. State*, 42 Fla. L. Weekly S637, 2017 WL 2374697, *1-2 (Fla. June 1, 2017) (Pariente, J., dissenting) (explaining how a stricken aggravating factor affects the *Hurst* harmless error analysis). Therefore, if *Hurst* applied to Reaves' case, I would conclude that the *Hurst* error is not harmless beyond a reasonable doubt and grant Reaves a new penalty phase.

An Appeal from the Circuit Court in and for Indian River County,
    Robert Lee Pegg, Judge - Case No. 311986CF000729AXXXXX

Neal A. Dupree, Capital Collateral Regional Counsel, William M. Hennis, III, Litigation Director, and Rachel L. Day, Assistant Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, Florida,

    for Appellee